UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| SAMMY LEE CASEY-EL, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JOHN JORDAN, Sheriff of Cape Girardeau ) <br> County Jail, ) <br> ) <br> Defendant. ) | Case No. 1:05CV148 RWS |

**MEMORANDUM AND ORDER**

Plaintiff Sammy Lee Casey-El was incarcerated at the county jail in Cape Girardeau, Missouri for approximately three months in 2005. He filed the present lawsuit asserting various violations of his constitutional rights while incarcerated. Defendant John Jordan has filed a motion for summary judgment. Because Casey-El has failed to raise any genuine issue of material fact and has failed to provide any evidence in support of his claims I will grant summary judgment to Jordan.

**Background**

Casey-El was incarcerated at the Cape Girardeau County Jail from August 1, 2005 through November 22, 2005. On September 9, 2006, Casey-El filed this lawsuit alleging a litany of constitutions violations committed against him and others while he was incarcerated. By order of this Court on November 16, 2005, various claims, plaintiffs, and defendants were dismissed from this case. The only remaining defendant in the matter is John Jordan who is the Sheriff of Cape Girardeau County and the chief administrator of the county jail. The only remaining claims concern the conditions at the jail which Casey-El alleges violated his own constitutional rights. The claims are asserted again Jordan in his capacity as the chief executive officer of the facility who would be ultimately responsible for the policy decisions that created the living conditions at

the jail.

Casey-El brings this suit under 42 U.S.C. § 1983 asserting that these conditions violate his rights under the First, Fourth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments of the United States Constitution.

All six Casey-El's claims that survived the Court's frivolity review concern the conditions at the jail. The claims are (1) the cells have no ventilation and that "the pod" is always cold; (2) the jail food is cold most of the time, the meat is always ground up and "never consist (sic) of fried or baked chicken breast or leg, wholesome food, without soy bean mixture, neither does it consist of any wholesome turkey, or beef product"; (3) pork by-products - such as gelatin and pudding- were put on his tray in violation of his religious dietary requirements; (4) he was only given one roll of toilet paper a week and he was not provided with a shaving razor (he could purchase additional toilet paper for fifty cents and a shaving razor for ten cents); (5) some of the mattresses in the cells are ragged and torn and have a kind of plastic that makes one sweat; and (6) three to six people sleep in "the pod" with only one toilet.

However, in response to interrogatories from Jordan, Casey-El stated that the only claims he has against Jordan concern the food provided at the jail and the adequacy of the jail's law library. Jordan has moved for summery judgment.

*Legal Standard*

In considering whether to grant summary judgment, a district court examines the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any ...." Fed. R. Civ. P. 56(c). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Lynn v. Deaconess Medical Center, 160 F.3d 484, 486 (8th Cir. 1998)(citing Fed. R. Civ. P. 56(c)). The party seeking summary judgment bears the initial responsibility of informing the

court of the basis of its motion and identifying those portions of the affidavits, pleadings, depositions, answers to interrogatories, and admissions on file which it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When such a motion is made and supported by the movant, the nonmoving party may not rest on his pleadings but must produce sufficient evidence to support the existence of the essential elements of his case on which he bears the burden of proof. Id. at 324. In resisting a properly supported motion for summary judgment, the plaintiff has an affirmative burden to designate specific facts creating a triable controversy. Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1113 (8th Cir. 2004).

### *Discussion*

In response to Jordan's interrogatories Casey-El asserts only two claims and legally abandoned any other claim. Casey-El's two remaining claims are directed to the food provided at the jail and the adequacy of the jail's law library. Casey-El's claims concerning the food at the jail fall into two categories. First, he asserts that the meals are sometimes cold and that the meat he is served is ground up and not served in a whole form.

The jail has an obligation to provide a nutritionally adequate diet to the inmates. Divers v. Department of Corrections, 921 F.3d 191, 104 (8th Cir. 1990). "Because control of the administrative details of a prison remains exclusively in the hands of prison officials [] control of the diet is within their discretion, assuming it is adequate." Burgin v. Nix, 899 F.2d 733, 734 (8th Cir. 1990). Serving cold meals does not violate the constitutional rights of an inmate as long as the inmate's diet is nutritionally adequate. Cosby v. Purkett, 782 F. Supp. 1324, 1329 (E.D. Mo.1992).

Defendant Jordan has submitted the affidavit of James Mulcahy an employee of the jail. Mulcahy states that the jail contracts with Canteen Correctional Services to order the food served

at the jail. The jail has a dietician who ensures a nutritionally adequate meals are prepared each day to serve to the inmates. Breakfast and dinner are hot meals and lunch is usually a cold meal. Mulcahy states that the food served is turkey or poultry based meat with beans and vegetables added for a balanced nutritional diet. He states further that the jail does not serve pork.

Casey-El has failed to provide any evidence that Jordan did not provide Casey-El with nutritionally adequate meals while he was an inmate at the jail.

Casey-El's second assertion is that jello, pudding, and kool-aid were served to him which contained pork products in violation of his religious beliefs. He offers no evidence in support of this assertion. Mulcahy's affidavit states that no pork is served at the jail.

I find that Jordan is entitled to summary judgment on Casey-El's claims concerning the food he was served at the jail. Jordan has provided evidence that the meals were sufficiently nutritional and that no pork was served at the jail. Casey-El has failed to submit any evidence in support of these claims.

The only other claim that Casey-El identified in his interrogatory responses concerns the adequacy of the jail's law library. This claim, however, did not survive the Court's initial frivolity review and was dismissed on November 16, 2006. As a consequence this claim is no longer at issue.

Based on Casey-El's interrogatory responses he has abandoned the other claims which survived frivolity review. Nonetheless, Jordan has addressed these other claims in his motion for summary judgment and Casey-El has failed to respond to Jordan's statement of undisputed facts concerning these claims or to otherwise address these claims.

In his complaint Casey-El asserted that the cells are poorly ventilated, the "pod" is cold and overcrowded and some mattresses are torn. Casey-El has failed in his complaint or in his response to Jordan's motion for summary judgment to provide any specific instances of these general assertions.

In his motion for summary judgment Jordan has provided the affidavit of Mulcahy which states that the jail facility is relatively new and has a new heating and air conditioning system. The thermostats are set to properly heat and cool the jail and there is substantial ventilation in the jail. Mulcahy also states that Casey-El was assigned to a cell that measured 7 feet by 12 feet and had one roommate. Mulcahy states that if an inmate has a mattress that is torn or unsanitary it is replaced. Mulcahy also notes that Casey-El never complained of a problem with his mattress nor did he complain of overcrowding while he was at the jail.[1]

Casey-El does not dispute these facts nor does he even address these claims in his response brief. Even if Casey-El had not abandoned these claims I find that Casey-El has not presented any evidence regarding these claims to establish a violation of his constitutional rights.

In his motion for summary judgment Jordan also provided undisputed evidence that the jail provides one roll of toilet paper per week to each inmate. If an additional roll of toilet paper is desired by the inmate he can buy one for fifty cents. The jail also provides inmates with a "care package" which contains personal hygiene products. If an inmate does not bring a shaving razor with him to the jail, a shaving razor can be purchased for ten cents. Casey-El does not dispute these facts and does not even address them in his response brief. Nor does he provide any evidence that these conditions caused him any identifiable physical harm or prevented his basic human necessities to be met.

Governmental authorities cannot generally deny basic human necessities to persons in custody. Green v. Baron, 879 F.2d 305, 309 (8th Cir. 1989). However, a minimal deprivation

---

[1] I note, however, that in a grievance form submitted at the jail by Casey-El on August 2, 2005, Casey- El lists several complaints. The "Action taken in relation to grievance" section of the form filled out by a jail official only states "Boy you like to complain." This response is demeaning and demonstrates a lack of commitment to take the grievance process seriously. Although the plaintiff has failed to produce evidence to support his claims in this case, such cavalier processing of grievances by jail officials undermines the safeguards in place to preserve inmates' constitutional rights.

does not violate the Constitution. In the present case the facts show that basic personal hygiene items were supplied to Casey-El and that any additional hygiene items that he wanted (a shaving razor) could be obtained for a minimal fee.

Based on the foregoing I find that Jordan is entitled to summary judgment on all of Casey-El's abandoned claims because he has failed to raise genuine issues of material fact and has failed to provide evidence which would entitle him to a trial and a judgment on those claims. Jordan, however, has provided undisputed facts and legal argument which entitle him to summary judgment.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant's motion for summary judgment [#22] is **GRANTED**. Any other pending motions in this case are **DENIED** as moot.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 12th day of September, 2007.